April 13, 2010

The Honorable Geoffrey I. Barr
Comal County Criminal District Attorney
150 North Seguin Avenue, Suite 307
New Braunfels, Texas 78130

Opinion No. GA-0769

Re: Whether a county commissioner has announced his candidacy or become a candidate in fact for election to another office, thereby automatically resigning the office of county commissioner by virtue of article XVI, section 65 of the Texas Constitution (RQ-0836-GA)

Dear Mr. Barr:

Under article XVI, section 65 of the Texas Constitution, certain officers, including county commissioners, automatically resign their current office if they "shall announce their candidacy, or shall in fact become a candidate" in an election for another office when the remaining term of their current office exceeds one year. TEX. CONST. art. XVI, § 65 (the "resign-to-run provision"). You ask about the application of that provision to a Comal County Commissioner, whose current term of office expires December 31, 2012.[1] Your request letter includes numerous affidavits, letters, filings, newspaper accounts and internet printouts that contain conflicting information about a county commissioner's purported interest in the office of Texas Railroad Commissioner.[2] You specifically ask whether, by various statements and actions described in the request letter, the county commissioner (1) has become a candidate in fact for the office of Texas Railroad Commissioner or (2) has announced his candidacy for that office, thereby automatically resigning his office as county commissioner under article XVI, section 65. Request Letter at 9.

The automatic resignation provisions of article XVI, section 65 may be triggered by either announcing candidacy for another office or becoming a candidate in fact for another office. TEX. CONST. art. XVI, § 65; Tex. Att'y Gen. Op. No. GA-0643 (2008) at 3–4. For article XVI, section 65 purposes, this office has determined that "[a]n officer 'in fact become[s] a candidate' by formally applying for a place on the ballot." Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2; accord Tex. Att'y

---

[1]See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]Id. (Exhibits A–O).

Gen. Op. No. JC-0249 (2000) at 3.[3]  Your recitation of facts does not suggest that the county commissioner has applied for a place on any ballot to run for another office.  Consequently, in answer to your first question, we conclude that the facts you describe do not establish that the county commissioner has become a candidate in fact under article XVI, section 65 of the constitution.

Your second question is whether, from the facts you have described, the county commissioner has announced his candidacy for another office, resulting in automatic resignation under the constitution.  Relying on the generally understood meaning of article XVI, section 65, this office has previously explained "that an officer announces candidacy for office by making a written or oral statement from which a reasonable person may conclude that the individual intends, without qualification, to run for the office in question."  Tex. Att'y Gen. Op. No. GA-0643 (2008) at 6; *accord* Tex. Att'y Gen. Op. Nos. GA-0210 (2004) at 2, JC-0249 (2000) at 2.  The word "announce" as used in article XVI, section 65 indicates that the statement must be public.  Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2 (citing WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 87 (9th ed. 1990) for its definition of the word "announce" as meaning "to make known publicly").  Thus, under prior opinions of this office, an announcement must be both certain and public in order to trigger automatic resignation.  Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2.  Generally, a statement "indicating interest in an office that falls short of announcing a candidacy . . . does not trigger the resign-to-run provision."  Tex. Att'y Gen. Op. No. JC-0249 (2000) at 4.  *See also* Tex. Att'y Gen. LO-95-071, at 2 (determining that the statement that a person will "seriously consider running" for an office if the incumbent resigns is not an unqualified statement that may trigger automatic resignation of the person's current office).  Also, a person's statement concerning another office must be viewed in context to determine if it constitutes an unqualified announcement of candidacy for that office.  Tex. Att'y Gen. Op. No. JC-0249 (2000) at 4 (determining that merely seeking a party's executive committee's nomination to run for another office is not sufficiently certain to constitute an announcement of a candidacy under article XVI, section 65, because "the person's candidacy in the general election is entirely contingent on obtaining the executive committee's nomination").  By contrast, a person's unqualified statement made in a public meeting or press release that the person intends to run for a particular office constitutes an announcement of candidacy for article XVI, section 65 purposes.  *Id.*

Prior attorney general opinions have considered whether a person's undisputed statement or action constitutes an announcement of candidacy that triggered automatic resignation under the constitution.  *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0210 (2004) at 3 (determining that a justice of the peace who stated privately that he would be a candidate for another office did not thereby

---

[3]As you note, section 251.001 of the Election Code broadly defines "candidate" as a person who "takes affirmative action for the purpose of gaining nomination or election to public office," or for the purpose of satisfying campaign financial obligations.  *See* Request Letter at 7 (citing section 251.001(1) of the Election Code).  The statute gives several examples of such affirmative action, such as filing for a place on the ballot, announcing a candidacy, or soliciting support or campaign contributions under certain circumstances.  TEX. ELEC. CODE ANN. § 251.001(1)(a)–(h) (Vernon Supp. 2009).  However, section 251.001 expressly defines terms for purposes of title 15 of the Election Code, "Regulating Political Funds and Campaigns."  In Attorney General Opinion JC-0249, this office determined that section 251.001's definition of the word candidate for those particular statutory purposes does not control the construction of article XVI, section 65, regarding automatic resignation.  Tex. Att'y Gen. Op. No. JC-0249 (2000) at 5.

announce his candidacy under the constitution), DM-377 (1996) at 1–2 (county court at law judge's statement at a commissioners court meeting that he was "at that moment" a candidate for another office was an announcement of candidacy that constituted automatic resignation of the current office). The facts you relate in your request letter, however, are not undisputed. To the contrary, the facts as described reveal a pronounced disagreement about the content of statements made, actions taken, and the circumstances in which they occurred. Consequently, we cannot determine as a matter of law whether the county commissioner has announced his candidacy for another office, thereby automatically resigning his current office. *See* Tex. Att'y Gen. Op. No. GA-0643 (2008) at 7 n.4 (explaining that "[t]his office does not find facts or resolve questions of fact; thus, attorney general opinions ordinarily answer only questions that can be answered as a matter of law").

## S U M M A R Y

The facts as presented in the request do not suggest that the county commissioner has applied for a place on the ballot for another office.  As a result, they do not establish that he has become a candidate in fact under article XVI, section 65 of the Texas Constitution.

The facts presented in the request indicate a pronounced disagreement about the content of statements made and actions taken by the county commissioner as well as the circumstances in which they occurred.  Consequently, we cannot determine as a matter of law whether the county commissioner has announced his candidacy for another office, thereby automatically resigning his current office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee